Form STC11

# UNITED STATES BANKRUPTCY COURT
## California Northern Bankruptcy Court

| In Re: Y & W Investment LLC | Case No.: 25−30058 |
|---|---|
| Debtor(s) | Chapter: 11 |

## ORDER AND NOTICE OF CHAPTER 11 STATUS CONFERENCE

**A STATUS CONFERENCE** in the above−captioned Chapter 11 case will be held on:

| **DATE:** April 3, 2025 | **TIME:** 10:00 AM |
|---|---|
| **LOCATION:** Via Tele/Videoconference, www.canb.uscourts.gov/calendars ||

The debtor(s) or the designated responsible individual, and primary bankruptcy counsel for the debtor(s) are required to appear at the status conference. Creditor attendance is welcome, but not required.

At least **7 calendar days** prior to the status conference, the debtor shall file a **Status Conference Statement** and serve a copy on the U.S. Trustee and any official committees appointed pursuant to 11 U.S.C. § 1102. Service upon committee counsel shall constitute service upon the committee. If no such committees have been appointed, service shall be to the creditors that hold the 20 largest general unsecured claims (excluding insiders). The **Status Conference Statement** shall address the following:

1. The factors (business, financial, operational and any other problems) leading to this bankruptcy filing, the debtor(s)' objectives in this Chapter 11 case, and the means proposed to achieve those objectives;
2. A proposed schedule for filing a plan and disclosure statement, and for confirmation of the proposed plan;
3. An outline of the proposed plan;
4. The type, status and adequacy of insurance coverage of the debtor(s)' assets;
5. Whether the debtor has met the requirements for retaining professionals in the case, and the estate's need for retaining any additional professionals (e.g., attorneys, accountants, brokers, etc.);
6. The debtor(s)' post−petition operations, revenue and financial results;
7. The status of any litigation pending in or outside of this Court;
8. The debtor(s)' attendance at a meeting of creditors pursuant to 11 U.S.C. § 341(a), and compliance with requests for information from the U.S. Trustee (including but not limited to requests made in the Initial Debtor Interviews);
9. The status of monthly operating reports, debtor−in−possession (DIP) accounts and required post−petition payments to taxing authorities;
10. Whether the debtor has met the requirements for using cash collateral and obtaining credit;
11. Orders entered in the case granting relief from the automatic stay, extending or refusing to extend the automatic stay or determining there is no automatic stay in effect as to any or all creditors;
12. Motions to assume or reject any executory contracts or unexpired leases that have been or are expected to be filed;
13. Unique issues concerning secured debt, employees, cash collateral, executory contracts, existing management and/ or equity owners; and
14. Unusual developments or events that have occurred or are expected to occur in the case, and any other matters that might materially affect the administration of this case.

(see reverse side of this page)

**AT THE STATUS CONFERENCE:** The Court may, among other things, set a deadline for filing a plan and a disclosure statement and, on 14 days' notice, hear a motion from the U.S. Trustee to dismiss or convert the case to Chapter 7, or to appoint a Chapter 11 trustee. Individual debtors should be prepared to discuss whether use of this District's Standard–Form Combined Plan and Disclosure Statement is appropriate in this case.

**YOU ARE FURTHER NOTIFIED:** A failure to timely file and serve the required Status Conference Statement or to appear at the status conference, or failure of the debtor(s) to appear at the § 341 meeting of creditors or at the U.S Trustee Initial Debtor Interview, or failure to otherwise comply with this Order may result in a monetary sanction, the appointment of a Chapter 11 trustee, or the dismissal or conversion of this case without further notice or hearing.

**IT IS SO ORDERED.**

Dated: 1/24/25

By the Court:

Hannah L. Blumenstiel
United States Bankruptcy Judge