Jonathan Madison, Esq., SBN #311553
THE MADISON FIRM
345 California Street, Suite 600
San Francisco, CA 94104
Phone: (415) 779-3177
Email: jmadison@themadisonfirm.com

Attorneys for Debtor,
Y & W INVESTMENT LLC

UNITED STATES BANKRUPTCY COURT

IN THE NORTHERN DISTRICT OF CALIFORNIA

| In Re: | Case No.: 25-30058 |
|---|---|
| Y & W INVESTMENT LLC | CHAPTER 11 |
| Debtor. | **STATUS CONFERENCE STATEMENT** |
|  | **Date: 04/03/2025**<br>**Time: 10:00 a.m.**<br>**Judge: Hon. Hannah L. Blumenstiel** |

      Y & W Investment LLC ("Debtor") respectfully submits the following status conference statement pursuant to the Court's request:

**1. The factors (business, financial, operational and any other problems) leading to this bankruptcy filing, the debtor(s)' objectives in this Chapter 11 case, and the means proposed to achieve those objectives:**

Y & W Investment LLC filed for Chapter 11 bankruptcy on January 23, 2025, to avoid foreclosure of its primary asset, real property located at 762 Chateau Drive, Hillsborough, CA 94010. The property is currently under construction, which has created financial strain and delayed efforts to complete a sale. The Debtor's objective is to restructure its obligations by selling the property through the Chapter 11 process, using the proceeds to satisfy the debts of the

bankruptcy estate. The Debtor has identified a potential buyer who is interested in purchasing the property for approximately $2.9 million and is presently seeking loan approval.

**2. A proposed schedule for filing a plan and disclosure statement, and for confirmation of the proposed plan;**

The Debtor anticipates filing a Chapter 11 Plan and Disclosure Statement within 60 days, contingent upon the buyer securing financing and the sale terms being finalized. Confirmation of the plan will be scheduled thereafter, depending on Court availability and the timing of creditor approvals.

**3. An outline of the proposed plan;**

The proposed plan contemplates a sale of the real property located at 762 Chateau Drive, with net proceeds used to pay allowed secured, priority, and unsecured claims in accordance with the Bankruptcy Code. Any surplus will be distributed to equity holders. The plan will be a liquidating Chapter 11 focused on the orderly sale of the estate's primary asset.

**4. The type, status and adequacy of insurance coverage of the debtor(s)' assets;**

At present, the Debtor does not maintain active insurance coverage on the real property located at 762 Chateau Drive. The Debtor is evaluating its insurance needs in light of the pending sale and the current state of the property, which remains under construction and unoccupied. The Debtor is mindful of its obligations under the Bankruptcy Code and is considering cost-effective options to ensure appropriate coverage is in place as necessary during the administration of this case.

**5. Whether the debtor has met the requirements for retaining professionals in the case, and the estate's need for retaining any additional professionals (e.g., attorneys, accountants, brokers, etc.);**

The Debtor has retained bankruptcy counsel and is in the process of seeking Court approval for the employment of a real estate broker to market and sell the property. Additional professionals, such as an accountant, may be retained depending on the complexity of the sale and plan confirmation process.

**6. The debtor(s)' post−petition operations, revenue and financial results;**

The Debtor has minimal post-petition operations and no significant revenue generation since its sole asset is under construction and not income-producing. Financial activity has been limited to maintaining the property and pursuing a sale.

**7. The status of any litigation pending in or outside of this Court:**

To the best of the Debtor's knowledge, there is no active litigation pending against the Debtor outside of this bankruptcy proceeding.

**8. The debtor(s)' attendance at a meeting of creditors pursuant to 11 U.S.C. § 341(a), and compliance with requests for information from the U.S. Trustee (including but not limited to requests made in the Initial Debtor Interviews):**

The Debtor's representative attended the § 341(a) meeting of creditors and has complied with all

requests for information from the U.S. Trustee, including providing required financial documents and participating in the Initial Debtor Interview.

**9. The status of monthly operating reports, debtor−in−possession (DIP) accounts and required post−petition payments to taxing authorities:**
The Debtor has opened a debtor-in-possession account and has been timely filing monthly operating reports. The Debtor is current with all post-petition tax obligations and will continue to make required payments as they become due.

**10. Whether the debtor has met the requirements for using cash collateral and obtaining credit:**
The Debtor has not required the use of cash collateral and has not sought post-petition financing. All post-petition expenses are being funded through the Debtor's limited available cash and support from the managing member.

**11. Orders entered in the case granting relief from the automatic stay, extending or refusing to extend the automatic stay or determining there is no automatic stay in effect as to any or all creditors:**
As of the date of this statement, no orders have been entered granting relief from the automatic stay or otherwise modifying it.

**12. Motions to assume or reject any executory contracts or unexpired leases that have been or are expected to be filed;**
There are no executory contracts or unexpired leases that the Debtor intends to assume or reject at this time. If any such agreements are discovered during the administration of the case, appropriate motions will be filed.

**13. Unique issues concerning secured debt, employees, cash collateral, executory contracts, existing management and/or equity owners;**
The primary secured debt is tied to the real property located at 762 Chateau Drive. The Debtor has no employees, and its operations are managed solely by its managing member. There are no current issues with cash collateral or executory contracts. The managing member continues to oversee the Debtor's affairs and is actively working to complete the property sale.

**14. Unusual developments or events that have occurred or are expected to occur in the case, and any other matters that might materially affect the administration of this case.** The construction status of the property presents a challenge in the marketing and sale process. Nevertheless, the Debtor has identified a serious buyer and anticipates that the sale, once financing is secured, will provide sufficient proceeds to fund a confirmable plan. No other unusual developments are anticipated at this time.

Date: March 24, 2025                                     THE MADISON FIRM

*Jonathan Madison*
_____
Jonathan Madison, Attorneys for Debtor
Y & W INVESTMENT LLC