

Signed and Filed: April 3, 2025

_____
**HANNAH L. BLUMENSTIEL
U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | ) Case No. 25-30058 HLB |
| Y&W INVESTMENT LLC, | ) Chapter 11 |
| Debtor. | ) |

### ORDER FOLLOWING STATUS CONFERENCE

This case came before the court on April 3, 2025 for an initial status conference. Appearances were as noted on the record. For the reasons stated on the record, the court **ORDERS** as follows:

**1.** The status conference is hereby **CONTINUED** to **April 17, 2025** at **10:00 a.m.** The April 17 continued status conference will convene via Zoom.

The court's website offers information explaining how to arrange an appearance at a video hearing. If you have questions about how to participate in a video hearing, you may contact the court by calling 888-821-7606 or by using the Live Chat feature on the court's website.

**2.** No later than **April 10, 2025,** Debtor Y&W Investment LLC shall file an Amended Application to Employ Counsel that

addresses the court's concerns as noted on the record during the April 3 status conference.

**3.** No later than **April 10, 2025,** Debtor shall file the statement required by Bankruptcy Rule 2016(b)[1] and section 329(a).[2]

**4.** No later than **April 10, 2025,** Debtor shall file the Notice of Related Cases required by B.L.R. 1015-1(b).

**5.** No later than **April 10, 2025,** Debtor shall file the application to designate a responsible individual as required by B.L.R. 1015-1(b) and, at the same time, shall upload a proposed order on the application.

**6.** No later than **April 10, 2025,** Debtor shall file its operating report for January 23 – February 28, 2025. Such operating report – and all future operating reports – shall include copies of statements covering the entire period covered by the report for any bank account utilized by Debtor during any portion of the relevant period. The court expects compliance with B.L.R. 2015-2, and Debtor shall timely file all future operating reports.[3]

**7.** No later than **April 10, 2025,** Debtor shall file a declaration attesting to:

---

[1] Unless otherwise indicated, all citations to a "Bankruptcy Rule" shall refer to one of the Federal Rules of Bankruptcy Procedure.

[2] Unless otherwise indicated, all statutory citations shall refer to Title 11 of the United States Code (the "Bankruptcy Code").

[3] The court reminds Debtor and its counsel that a debtor's unexcused failure to comply with a court order or failure to timely satisfy any reporting requirement constitute cause for dismissal, conversion, or appointment of a Chapter 11 trustee under sections 1112(b)(4)(E) and (F), respectively.

a. Whether Debtor's interest holders authorized the filing of this bankruptcy case in accordance with Debtor's corporate organizational documents prior to the Petition Date (January 23, 2025). If so, Debtor shall introduce and authenticate with such declaration a copy of the resolution authorizing the filing of this case.

b. Whether property taxes on the real property located at 762 Chateau Drive, Hillsborough, CA ("Hillsborough") and 160 Tiptoe Lane, Burlingame, CA ("Burlingame") are paid current.

c. Whether Hillsborough and Burlingame are insured against loss and casualty and if so: **(i)** whether there was any time during the pendency of this case when either Hillsborough or Burlingame were not insured; **and (ii)** if Hillsborough or Burlingame are insured, what the limits of such insurance policies are.

d. When Debtor became owner of Hillsborough and Burlingame, and whether, during any time within 4 years prior to the commencement of this bankruptcy case, Debtor did not own either Hillsborough or Burlingame.

e. The status of Debtor's efforts to sell Hillsborough or Burlingame, including whether any real estate brokers have been retained, the anticipated sale price(s), the identity of any potential purchasers with whom Debtor is negotiating, whether any agreements or other documents regarding such sale(s) have been executed, and whether any potential purchaser is an insider.

f. Whether Hillsborough or Burlingame are rented, and if so, Debtor's declaration shall: **(i)** identify the tenants and

disclose whether any of them are insiders; **(ii)** generally describe the terms of each lease, such as when it commenced, when it ends, and the amount and frequency of any required rental payment; **(iii)** whether the current tenant(s) (if any) are current in the payment of rent; **and (iv)** the disposition or location of any rental payments paid during the pendency of this case.

8. Any unexcused noncompliance with this order might result in the issuance of an order requiring Debtor to appear and show cause as to why the court should not dismiss this case, convert it to one under Chapter 7, or appoint a Chapter 11 trustee.

**\*\*END OF ORDER\*\***

**Court Service List**

[None]