Entered on Docket
April 17, 2025
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Signed and Filed: April 17, 2025

_____
**HANNAH L. BLUMENSTIEL**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>Y&W INVESTMENT LLC,<br><br>        Debtor. | ) Case No. 25-30058 HLB<br>)<br>) Chapter 11<br>)<br>)<br>) |

### ORDER TO SHOW CAUSE

    Debtor Y&W Investment LLC commenced this case on January 23, 2025 by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code[1] as a small business case.[2] On April 3, 2025, the court convened an initial status conference.

    In preparing for the initial status conference, the court noted several serious problems, including that Y&W's debts exceeded the statutory limits for a small business case;[3] counsel had not been employed and had not filed the statement required by Bankruptcy Rule 2016(b); Y&W had not complied with

---

[1] Unless otherwise indicated, all statutory citations shall refer to Title 11 of the United States Code (the "Bankruptcy Code") and all citations to a "Bankruptcy Rule" shall refer to one of the Federal Rules of Bankruptcy Procedure.

[2] § 101(51D).

[3] Id.

B.L.R. 4002-1 or 1015-1(b); Y&W had not filed an operating report for the period January 23, 2025 – February 28, 2025;[4] and had not filed a status conference statement as required by a court order.[5]

During the April status conference, other serious issues came to light. For example, in the status conference statement filed by Y&W *after the court called its April 3 hearing calendar*,[6] Y&W admitted that one of its two parcels[7] of real property is uninsured. Y&W also represented that its strategy for exiting Chapter 11 hinged upon its sale of one, possibly both, of its parcels of real property and that it had begun discussing a sale of one parcel with a potential buyer. But the possible sale price (approximately $2.9 million), even when combined with Y&W's estimated value of the other parcel ($3.5 million), would not come close to paying the debts secured by those properties, let alone yield proceeds to satisfy unsecured debts, as Y&W promised.

Following the April 3 status conference, the court issued an order[8] that required Y&W to, no later than April 10, 2025:

---

[4] Per B.L.R. 2015-2(b), the operating report was due no later than March 21, 2025.

[5] Dkt. 7.

[6] Dkt. 25.

[7] According to Y&W's Amended Schedules A/B (Dkt. 29), it owns real property located at 762 Chateau Drive, Hillsborough, CA ("Hillsborough") and 160 Tiptoe Lane, Burlingame, CA ("Burlingame"). Y&W estimates Hillsborough's fair market value at $3.0 million and estimates Burlingame's fair market value at $3.5 million. According to Y&W's Amended Schedule D (Dkt. 31), its secured debts total $9,124,764.16. According to Y&W's schedules, both Hillsborough and Burlingame are worth less than the debts they secure.

[8] Dkt. 26 (the "Apr. 3 Order").

1. File an amended application to employ counsel;

2. File the statement required by Bankruptcy Rule 2016(b);

3. Comply with B.L.R. 1015-1(b) and 4002-1;

4. File an operating report for January 23, 2025 – February 28, 2025, with copies of bank statements for all accounts used by Y&W during that period; and

5. File a declaration attesting to, among many other things, whether property taxes on Hillsborough and Burlingame are paid current and whether Hillsborough and Burlingame are insured.

Debtor has complied with the Apr. 3 Order; unfortunately, the documents Y&W filed raise even more concerns. Burlingame is not insured, and it is not clear when that might be rectified.[9] Hillsborough is insured, although only up to a $2.0 million replacement cost, which appears to be insufficient given that Y&W estimates Hillsborough's fair market value at $3.0 million. Property taxes on Hillsborough are not current, and as counsel admitted at the April 17 continued status conference, Y&W did not pay the property tax installment due post-petition, on April 10, 2025.

Burlingame is rented to tenants who pay $10,000/month in rent, but they prepaid rent through April 2025. Y&W has allegedly spent all of that money on construction at Hillsborough.

---

[9] Dkt. 40 (Declaration . . . in Response to Court's April 3, 2025 Order).

Y&W disclosed no assets whatsoever, other than Hillsborough and Burlingame. Its operating reports[10] reveal that Y&W does not have a bank account. Instead, it uses an account held by its owner, Yang Min Yang, and opened when Mr. Yang was a debtor in possession in his own bankruptcy case, which the court dismissed in January 2024.[11]

The single bank statement filed with both of Y&W's operating reports covers only January 8, 2025 – February 6, 2025 and reveals that, as of February 6, 2025, the bank account allegedly used by Y&W had a balance of just $293.96. No statement was provided for February 7-28, 2025.

The court has serious concerns about the competence of Y&W's management and its ability to successfully reorganize. Pursuant to section 1112(b)(1), where cause is shown, the court shall dismiss, convert, or appoint a Chapter 11 trustee, whichever is in the best interests of creditors. The court has broad discretion in determining whether cause exists for purposes of section 1112[12] and may make such a determination and issue appropriate orders *sua sponte*.[13] If the court determines

---

[10] Dkt. 37 (January 2025 Operating Report) and Dkt. 38 (February 2025 Operating Report).

[11] Ch. 11 Case No. 23-51089 (Bankr. N.D. Cal.), filed September 26, 2023 and dismissed January 29, 2024 after Mr. Yang failed to comply with a court order. Mr. Yang then filed a second case under the name Yangmin Yang, Ch. 11 Case No. 24-50137 (Bankr. N.D. Cal.) on February 2, 2024. The court dismissed Mr. Yang's second case on July 9, 2024, at his request.

[12] In re Consolidated Pioneer Mortgage Entities, 248 B.R. 368, 375 (B.A.P. 9th Cir. 2000), aff'd 264 F.3d 803 (9th Cir. 2001).

[13] Kingsway Capital Partners LLC v. Sosa, 549 B.R. 897, 902-03 (N.D. Cal. 2016).

that cause exists, it must also "(1) decide whether dismissal, conversion, or the appointment of a trustee or examiner is in the best interests of creditors and the estate; and (2) identify whether there are unusual circumstances that establish that dismissal or conversion is not in the best interests of creditors and the estate."[14]

"Unusual circumstances" contemplates conditions that are not common in most Chapter 11 cases.[15] The Debtor bears the burden of demonstrating unusual circumstances where cause for conversion, dismissal, or appointment of a trustee exists.[16]

Cause appears to exist for conversion, dismissal, or appointment of a Chapter 11 trustee. First, Burlingame is uninsured and Hillsborough appears to be underinsured, which constitutes cause under section 1112(b)(4)(C). The court also believes that exposing the bankruptcy estate and its creditors to the un- or under-insured loss of Y&W's only assets constitutes gross mismanagement of the estate, which constitutes cause under section 1112(b)(4)(B). Y&W also admits that it uses what little income it receives to fund construction at Hillsborough and, as of February 6, 2025, had just $293.96 in cash on hand, which it allegedly keeps in an account it does not own. With little to no cash flow, and assets with value far below the total of the debts they secure,

---

[14] In re Sullivan, 522 B.R. 604, 612 (B.A.P. 9th Cir. 2014) (citations omitted).

[15] In re Hinesley Family Ltd. P'ship No. 1, 460 B.R. 547, 552 (Bankr. D. Mont. 2011).

[16] In re Warren, 2015 WL 3407244, *4 (B.A.P. 9th Cir. May 28, 2015).

Y&W appears unable to successfully reorganize, which constitutes cause under section 1112(b)(4)(A). And finally, Y&W's failure to pay post-petition property taxes constitutes cause under section 1112(b)(4)(I).

Accordingly, the court **ORDERS** as follows:

**1.** On **April 22, 2025** at **10:00 a.m.**, Y&W shall appear through counsel and show cause as to why the court should not dismiss this case, convert it to one under Chapter 7, or appoint a Chapter 11 trustee. The April 22 hearing will convene via Zoom.

The court's website offers information explaining how to arrange an appearance at a video hearing. If you have questions about how to participate in a video hearing, you may contact the court by calling 888-821-7606 or by using the Live Chat feature on the court's website.

**2.** No later than **April 21, 2025,** Y&W shall file a written response to this order. Y&W's response shall not exceed 5 pages, absent prior leave of court. This page limit shall not apply to any declaration(s) or request(s) for judicial notice that might be filed in support of Y&W's response. The United States Trustee also shall file a response to this order on or before **April 21, 2025.** The United States Trustee's response should not exceed 5 pages, absent prior leave of court. The court welcomes responses from creditors and other interested parties, so long as they are filed no later than **April 21, 2025** and do not exceed 5 pages, absent prior leave of court.

3.   If Y&W does not timely respond to this order, the court will deem Y&W unopposed to dismissal, conversion, or appointment of a Chapter 11 trustee, and will vacate the April 22 hearing and enter whatever order the court concludes best serves the interests of creditors and the bankruptcy estate.

**\*\*END OF ORDER\*\***

**Court Service List**

[None]